ST. PAUL, J.
 

 Defendant was convicted of possessing intoxicating liquor for beverage purposes
 
 “on or about"
 
 November 29, 1926.
 

 i.
 

 He asked for a bill of particulars setting forth: (a) The kind of liquor; (b) the place where possessed; (c) whether possessed personally
 
 or through an agent;
 
 and (d) the exact date.
 

 The state answered: (a) Whisky; (b) under the house occupied by him; (c) personally ; and (d) November 29, 1926.
 

 Defendant objected to the sufficiency of these particulars, and when his objection was overruled he reserved his bill of exception No. 1.
 

 We are not informed, nor do we see, wherein these particulars are not sufficient. This bill is therefore without merit.
 

 II.
 

 The defendant as a witness was asked by his counsel:
 

 • “Q. On October 18, 1926, did Phidias Broussard get mad at you for not giving him .permission to sell intoxicating liquor at your dance in the same hall and at the same house where you are charged in this case with possessing intoxicating liquor?”
 

 To which the state objected as being irrelevant; and, the objection being sustained, defendant then reserved his bill of exception No.. 2.
 

 As to which the trial judge says:
 

 “Defendant sought to show that one Broussard was angry with him; the inference being that, since Broussard was angry with the defendant, he [Broussard] had ‘planted’ all the whisky found in and around defendant’s house. No evidence was offered to show that Broussard attempted to ‘plant’ the whisky or that he was around the premises or had any opportunity to ‘plant’ the whisky.”
 

 The trial judge properly ruled that:
 

 “The mere fact that another is angry with the defendant, standing by itself, does not tend to show that the offense charged to defendant was in fact committed by the person angry with him.”
 

 Moreover, the question was answered, to all intents and purposes, thds (next question) :
 

 “Q. Mr. Garrie, is Broussard an enemy of yours? A. Ever since they arrested him he has been my enemy.”
 

 III.
 

 The defendant asked the judge to charge himself (in effect) that since the state charged that the defendant had possessed the liquor “personally,” and none of the liquor was found
 
 on his person,
 
 but only on his premises, he should not be convicted, because the proof did not correspond to the charge.
 

 The trial judge correctly states that:
 

 “No argument is needed to show that the state’s answer to the motion for a bill of particulars meant simply that the liquor was possessed,
 
 not through an agent,
 
 but by the defendant himself, and tliere is nothing in said answer to justify the conclusion that the state meant that the defendant had the liquor on his person.”
 

 Hence, the bill of exception, No. 3, reserved to the refusal of the judge to charge himself as requested, has no merit.
 

 IV.
 

 The fourth bill of exception is the usual perfunctory bill taken to the refusal of the trial judge to grant a new trial on the
 
 *505
 
 ground that the verdict was contrary to the evidence, and it presents nothing for the consideration of this court.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.